IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FREDDIE BROOKS, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:06-CV-1566-D |
| VS. § | |
| § | |
| YELLOW TRANSPORTATION, INC. § | |
| C/O THE FRICK CO., § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Yellow Transportation, Inc. ("YTI") moves for summary judgment seeking dismissal of race discrimination claims brought by eight current and former employees.[1] Following *de novo* review of the December 17, 2012 findings, conclusions, and recommendation of the magistrate judge, the court adopts in most respects the recommendation. The court therefore grants in part and denies in part YTI's August 15, 2012 motion for summary judgment.[2]

---

[1] Four other employees (Randal Lee Jones, Kevin Levingston, Mark Nelson, and James Spears) have dismissed their claims against YTI.

[2] The magistrate judge denied as moot YTI's October 3, 2012 objections and motion to strike plaintiffs' summary judgment evidence and denied plaintiffs' October 10, 2012 motion for leave to file a surreply. Although no party objects to these rulings, the court notes that it has considered plaintiff George Williams' ("Williams'") affidavit in granting summary judgment dismissing his hostile work environment claim.

I

YTI objects that plaintiffs' response brief fails to identify specific evidence in the summary judgment record and instead cites large blocks of plaintiffs' appendix. The court agrees that plaintiffs' brief merely refers to essentially the entire affidavit and deposition of each plaintiff and does not cite a specific page to support an assertion.[3] But although "the court is not obligated to comb the record in search of evidence that will permit a nonmovant to survive summary judgment,"[4] the magistrate judge in effect has done so here. Because the magistrate judge has located un-cited evidence and in her commendation has brought it to the court's attention, the court will not disregard the evidence when reviewing the magistrate judge's recommendation. Even though the court's review of the recommendation is *de novo*, it would be unjust to disregard evidence that the magistrate judge has found in the record, even though she was not obligated to search for it. Accordingly, the court will not grant

---

[3]As the court explained in the companion case to the instant suit: "Rule 56 . . . saddles the non-movant with the duty to 'designate' the specific facts in the record that create genuine issues precluding summary judgment, and does not impose upon the district court a duty to survey the entire record in search of evidence to support a non-movant's opposition." *Arrieta v. Yellow Transp., Inc.*, 2008 WL 5220569 at *2 n.3 (N.D. Tex. Dec. 12, 2008) (Fitzwater, C.J.) (quoting *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996)), *aff'd sub nom.*, *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644 (5th Cir. 2012); *see also* N.D. Tex. Civ. R. 56.4 (requiring that "if the response is accompanied by an appendix and it is necessary to cite support for an assertion about the absence or presence of a genuine dispute of fact, comply with LR 56.5(c)") & 56.5(c) (requiring that "[w]hen citing materials in the record, as required by Fed. R. Civ. P. 56(c)(1)(A) or (B), a party must support each assertion by citing each relevant page of its own or the opposing party's appendix").

[4]*Arrieta*, 2008 WL 5220569, at *2 n.3 (citing *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006)).

YTI's summary judgment based on plaintiffs' failure to comply with their obligation to properly cite the evidence that demonstrates a genuine issue of material fact.[5]

II

YTI objects to the magistrate judge's recommendation that the court deny YTI's motion for summary judgment as to George Williams' ("Williams'") hostile work environment claim.  For the reasons that follow, the court sustains the objection and grants YTI's motion in this respect.

A

Because Williams will bear the burden of proof at trial on his hostile work environment claim, YTI can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once YTI does so, Williams must go beyond his pleadings and designate specific facts showing there is a genuine issue for trial.  *See id.* at 324; *Little v.*

---

[5]YTI also objects to the magistrate judge's failure to analyze individually the summary judgment motion as to each plaintiff's hostile work environment claim and whether each plaintiff satisfied the continuing violation theory.  The court declines to sustain this objection or to individually set out in this memorandum opinion and order why the plaintiffs—apart from Williams, *see infra* § II—survive summary judgment and satisfy the continuing violation theory.  Rule 56(a) does not require that the court state the reasons for denying summary judgment.  And following *de novo* review, the court agrees with the magistrate judge's recommendation except as to Williams' hostile work environment claim.  Moreover, "[w]hen this court denies rather than grants summary judgment, it typically does not set out in detail the evidence that creates a genuine issue of material fact."  *Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F.Supp.2d 802, 812 n.8 (N.D. Tex. 2009) (Fitzwater, C.J.) (citing *Swicegood ex rel. Swicegood v. Med. Protective Co.*, 2003 WL 22234928, at *17 n.25 (N.D. Tex. Sept. 19, 2003) (Fitzwater, J.)).

*Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in Williams' favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Williams' failure to produce proof as to any essential element of his claim renders all other facts immaterial. *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if Williams' fails to meet this burden. *See Little*, 37 F.3d at 1076.

Because YTI is also moving for summary judgment on a limitations defense for which it will have the burden of proof at trial, to be entitled to summary judgment based on limitations, it "must establish 'beyond peradventure all of the essential elements of the . . . defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). Williams carries the burden, however, of avoiding the limitations bar based on the equitable exception of the continuing violation doctrine. *See Celestine v. Petroleos de Venezuella SA,* 266 F.3d 343, 353 (5th Cir. 2001).

B

Williams worked for YTI from 1996 to October 2001, and again from 2006 to 2008.[6]

---

[6]Because Williams is the summary judgment nonmovant, the court recounts the evidence and draws all reasonable inferences in his favor. *E.g., Arrieta*, 2008 WL 5220569, at *1 n.2 (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

He filed suit in November 2005.[7] The statute of limitations for a hostile work environment claim brought under 42 U.S.C. § 1981 is four years. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382-83 (2004) (applying 28 U.S.C. § 1658).

The magistrate judge's recommendation that the court deny summary judgment on Williams' hostile work environment claim does not address YTI's limitations defense.[8] [Mag. Rec. [19]] YTI objects that the statute of limitations precludes Williams from relying on alleged harassment suffered during his first stint with the company, from 1996 to 2001, and it contends that the evidence of harassment between 2006 and 2008 is insufficient to prove that he was subjected to a racially hostile work environment. [D. Obj. Br. 22; D. Br. 63-64]

C

The court holds that Williams' hostile work environment claim is time-barred to the extent it is based on his first stint with YTI from 1996 to 2001. Williams stopped working on October 19, 2001, and did not file suit until November 18, 2005—outside the four-year statute of limitations. [D. App. 1503] *See Jones*, 541 U.S. at 382-83. Under the continuing violation theory, at least one act contributing to the claim of hostile work environment must fall within the limitations period. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) ("Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the

---

[7]His action was severed and made part of the instant case.

[8]The magistrate judge did, however, rely on YTI's limitations defense to bar Williams' failure to hire claim to the extent based on the period between 1996 and 2001.

purposes of determining liability"); *see also Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 328 (5th Cir. 2009). Because Williams did not work at YTI during the four-year period that preceded the date he filed suit, he cannot satisfy the requirement that at least one act occur during the limitation period.

Nor can Williams rely on his employment from 2006 to 2008 to avoid the limitations bar as to the period at or prior to October 19, 2001. This is because the gap between his two periods of employment at YTI breaks the required continuity. *See Stewart*, 586 F.3d at 328 (holding that continuing violation theory is limited in part by requirement that "the violation must be continuing; intervening action by the employer, among other things, will sever the acts that preceded it from those subsequent to it, precluding liability for preceding acts outside the filing window"). There is a gap of almost five years during which Williams did not work for YTI. *See Felton v. Polles*, 315 F.3d 470, 486 (5th Cir. 2002) (rejecting continuing violation theory even where employee continued to work for same company but was transferred away from offending supervisor for three years and then transferred back); *see also Butler v. MBNA Tech., Inc.*, 111 Fed. Appx. 230, 233-34 (5th Cir. 2004) (per curiam) (declining to apply continuing violation theory when more than five years elapsed between two incidents of harassment, and explaining that "[t]his court has held that a 'three year break' will defeat any attempt to establish a continuing violation" (citing *Felton*, 315 F.3d at 486)).

Accordingly, Williams cannot recover based on a racially hostile work environment that allegedly occurred between 1996 and 2001. *See Morgan*, 536 U.S. at 118 (holding that

"employee cannot recover for the [time-barred] acts" if continuing violation theory does not apply).

D

Although the statute of limitations does not preclude Williams' hostile work environment claim based on his employment from 2006 to 2008, the court holds that he has failed to adduce sufficient evidence of harassment during this period to enable a reasonable jury to find in his favor. The court therefore grants summary judgment dismissing this claim.

1

To establish a *prima facie* case of a racially hostile work environment, Williams must show that (1) he belongs to a protected group, (2) he was subject to unwelcome harassment, (3) the harassment complained of was based on race, (4) the harassment complained of affected a term, condition, or privilege of employment, and (5) YTI knew or should have known of the harassment in question and failed to take prompt remedial action.[9] *Arrieta*, 2008 WL 5220569, at *23 (citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)). YTI objects to the magistrate judge's recommendation regarding the fourth and fifth elements.

---

[9]The fifth element need not be established if the harassment is allegedly committed by the victim's supervisor. *Arrieta*, 2008 WL 5220569, at *23 n.33 (citing *Celestine v. Petroleos de Venez. SA*, 266 F.3d 343, 353-54 (5th Cir. 2001)).

Regarding the fourth element,

> [h]arassment affects a term, condition, or privilege of employment if it is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. Workplace conduct is not measured in isolation. In order to deem a work environment sufficiently hostile, all of the circumstances must be taken into consideration. This includes the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. To be actionable, the work environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.

*Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (citations and internal quotation marks omitted).

2

The court holds that Williams has failed to adduce sufficient evidence to enable a reasonable jury to find that the harassment Williams experienced between 2006 and 2008 affected a condition of his employment.

According to Williams' testimony about his employment between 2006 and 2008, at some point he observed graffiti in the bathroom that included the racial slur "ni--er." D. App. 1539, 1544; P. App. 623. Williams acknowledges that the graffiti was removed, and he does not specify how long it was present. Regarding nooses, he avers that he does not remember seeing any between 2006 and 2008. His testimony lacks any other detail about the harassment he experienced between 2006 and 2008, and he lacks evidence that he was aware

of other harassment at YTI during that period.[10]  His proof is not specific concerning the conduct that occurred between 2006 and 2008 as opposed to between 1996 and 2001.  *See, e.g.,* P. App. 573 ("While at [YTI] I experienced racial slurs in the form of racist graffiti, such as 'ni--ers must die' and 'I hate ni--ers' scrawled on the men's restroom walls.  The attached excerpts from my deposition elaborate on this conduct.  This occurred between 1996 and 2001, as well as from 2006 to 2008.").  Although graffiti can alone be sufficient to create a genuine issue of fact, Williams' evidence lacks the detail necessary for a reasonable jury to find that the workplace was objectively hostile between 2006 and 2008.  There is no evidence of the frequency of the graffiti, its severity, whether it was threatening or humiliating, or whether it unreasonably interfered with his work performance.  In *Arrieta* the court denied summary judgment regarding the hostile work environment claims of other YTI employees, but these plaintiffs had observed numerous occurrences of racially offensive graffiti *and* nooses.  *See Arrieta*, 2008 WL 5220569, at *26-27; *see also Abner v. Kan. City*

---

[10]Evidence of harassment suffered by other employees at YTI may be relevant to Williams' claim.  *See Hernandez*, 670 F.3d at 653 (holding that "a[n] [employee] who was never herself the object of harassment might have a Title VII claim if she were forced to work in an atmosphere in which such harassment was pervasive." (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 478 (5th Cir. 1989)) (internal quotation marks omitted)).  This harassment must still affect a condition of Williams' employment, meaning that he must at least present evidence that he was aware of harassment suffered by other employees between 2006 and 2008.  *See id.* (holding that "[a]mong the facts that must be proven by the relevant evidence is that 'the conditions of the victim's employment' have been altered by the harassment" (citation omitted)); *see also EEOC v. Rock-Tenn Servs. Co.*, ___ F.Supp.2d ___, 2012 WL 4747186, at *13 (N.D. Tex. Aug. 22, 2012) (Boyle, J.) ("[I]n the context of a hostile work environment claim, even if some of the Plaintiffs did not personally experience seeing the noose, evidence that they were aware of such harassment of others may still be relevant and permissible." (citing *Hernandez*, 670 F.3d at 652-53)).

*S. R.R. Co.*, 513 F.3d 154, 167-68 (5th Cir. 2008) (affirming finding of hostile work environment where plaintiffs observed nooses made from wire and racially offensive graffiti). Another plaintiff in *Arrieta*, who was Hispanic, did not rely on evidence of the nooses, but he satisfied his summary judgment burden by citing evidence of offensive graffiti directed at Hispanic employees and the racially-motivated vandalizing of his car, locker, and equipment. *See Arrieta*, 2008 WL 5220569, at *27; *see also EEOC v. Rock-Tenn Servs. Co.*, ___ F.Supp.2d ___, 2012 WL 4747186, at *12-13 (N.D. Tex. Aug. 22, 2012) (Boyle, J.) (denying summary judgment where plaintiffs observed numerous instances of racially offensive graffiti over period of years including phrases that were humiliating or threatened physical violence, but plaintiffs' observation of noose also contributed to establishing fact issue regarding hostile work environment).

Williams' evidence is therefore insufficient to create a genuine issue of material fact that the work environment was objectively offensive and hostile between 2006 and 2008. Accordingly, the court grants summary judgment for YTI as to Williams' hostile work environment claim.

III

Although the court adopts the magistrate judge's recommendation regarding the other plaintiffs' hostile work environment claims, the court for completeness adds that the summary judgment evidence is sufficient for a reasonable jury to find that these plaintiffs *subjectively* believed their work environment was hostile.

"To be actionable, the work environment must be 'both objectively and subjectively

offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.'" *Hernandez*, 670 F.3d at 651 (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998)). The court holds that plaintiffs have adduced sufficient evidence for a reasonable jury to find that each remaining plaintiff subjectively considered the work environment to be hostile.

\* \* \*

For the reasons explained, the court adopts in part the December 17, 2012 findings, conclusions, and recommendation of the magistrate judge. YTI's August 15, 2012 motion for summary judgment is granted in part and denied in part. Williams' claim that YTI failed to hire him as a regular employee between 2006 and 2008, and the other plaintiffs' hostile work environment claims, remain to be tried. Except to the extent granted in this memorandum opinion and order, the court overrules YTI's objections.

**SO ORDERED.**

March 18, 2013.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　SIDNEY A. FITZWATER
　　　　　　　　　　　　　　　　　　　CHIEF JUDGE